JUDGE PRESKA

08 CV 5381

BLANK ROME, LLP
Attorneys for Plaintiffs
TRANS POWER CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000



RECEIVED
JUN 1 2 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANS POWER CO. LTD.,

    Plaintiffs

-against-

J & F LIMITED,

    Defendant.

08 Civ. 5381

**VERIFIED COMPLAINT**

Plaintiff, TRANS POWER CO. LTD. ("Plaintiff"), by itsr attorneys Blank Rome, LLP, complaining of the above-named Defendant, J & F LIMITED ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign corporation with its place of business in Xiamen, P.R.C.

3. At all material times, Defendant was and is a foreign corporation with no office or place of business in this Judicial District.

4. On or about May 23, 2006, Defendant, as owner of the M/V VANGUARD ("the Vessel"), entered into a time-charter party with Plaintiff, as charterer, for a period of time from March 2006 until August 2006 ("the Charter").

5. During the course of the Charter, Plaintiff overpaid charter hire and expenses on Defendant's behalf, which left a balance of accounts in Plaintiff's favor in the sum of $251,033.10, no part of which has been paid although duly demanded.

6. The Charter provides for the arbitration of disputes in Hong Kong, and Plaintiff reserves its right to arbitrate its claims, pursuant to 9 U.S.C. § 8.

7. Arbitrators in Hong Kong routinely award interest, arbitrators' fees, and legal fees and costs to the successful party.

8. Plaintiff estimates it will recover interest of at least US$67,338 at a rate of 8% compounded quarterly for a period of three years, legal costs of at least US$75,000 and arbitral costs of at least US$75,000.

9. The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment herein is **US$468,371.10**

10. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$468,371.10** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court award Plaintiff its damages or retain jurisdiction over this matter through the entry of a judgment on the Hong Kong arbitration award.

D. That Plaintiffs may have such other, further and different relief as may be just and proper.

Dated: New York, NY
June 12, 2008

          Respectfully submitted
          BLANK ROME, LLP
          Attorneys for Plaintiff

          By _/s/_____
              Jack A. Greenbaum (JG 0039)
          The Chrysler Building
          405 Lexington Ave.
          New York, NY 10174-0208
          (212) 885-5000
          jgreenbaum@blankrome.com

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
12th day of June, 2008

_____
Notary Public

LESCENE GIBBONS
Notary Public, State of New York
No. 01GI6044509
Qualified in New York County
Commission Expires July 10, 20 10

311510.1
601518.00601/6646018v.1

4

BLANK ROME, LLP
Attorneys for Plaintiff
TRANS POWER CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRANS POWER CO. LTD.,

        Plaintiff,

-against-

J & F LIMITED,

        Defendant.

08 Civ. 5381

**AFFIDAVIT UNDER**
**SUPPLEMENTAL RULE B**

---

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF NEW YORK  )

    JACK A. GREENBAUM, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, J & F LIMITED ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

    2.    Defendant is a party to a maritime contract of charter party and is a foreign corporation, with no office or place of business in this Judicial District.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
JACK A. GREENBAUM

Sworn to before me this
12th day June, 2008

_____
Notary Public

LESCENE GIBBONS
Notary Public, State of New York
No. 01GI6044509
Qualified in New York County
Commission Expires July 10, 20 16

601518.00601/6646077v.1

2