373-08/MEU/ LJK
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Attorneys for Defendant
J&F Limited
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRANS POWER CO. LTD.,

                Plaintiff,

-against-

J&F LIMITED,

                Defendant.
------------------------------------------------------------x

08 CV 5381 (LAP)

KAHN AFFIRMATION IN SUPPORT OF VACATURE OF ATTACHMENT

    LAWRENCE J. KAHN, an attorney at law, affirms under penalty of perjury as follows:

    1.    I am an attorney admitted to practice before this Court and am a partner of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Defendant J&F LIMITED ("J&F"). I am not a party to the action, am over 18 years of age and reside at 80 Pine Street, New York, New York. I submit this Affirmation on behalf of J&F in support of its motion for vacature or reduction of the maritime attachment obtained in this action. J&F also submits that the attachment obtained in this action was wrongful and accordingly it should be awarded its costs and attorneys fees as sanctions.

    2.    Plaintiff TRANS POWER CO. LTD. ("TRANS POWER") commenced the instant action by filing a Verified Complaint, a copy of which is annexed hereto as

Ex. 1. The Complaint sought a Rule B attachment, granted by the Court, to restrain nearly half a million dollars of J&F's property, and TRANS POWER has restrained property belonging to J&F pursuant to such attachment application.

3. That Complaint, verified by TRANS POWER's New York counsel, makes very specific allegations about the contractual relationship between TRANS POWER and J&F. In particular, the complaint alleges that TRANS POWER had overpaid hire to J&F in the amount of nearly $250,000.

4. As can be seen from the accompanying Cheung Declaration, TRANS POWER did not overpay hire – it underpaid hire – and the amount at issue with respect to hire is nowhere near the $250,000 claimed. Moreover, TRANS POWER failed to make any mention at all of the fact that the $250,000 at issue had not in fact been paid to J&F, but merely deposited into an escrow account pending the result of arbitration between the parties, and failed to make any mention at all that such an escrow account even existed, which provides TRANS POWER with full security for its claim(s) against J&F.

5. J&F submits that under the circumstances, the attachment was wrongful and that it should recover its fees and disbursements in connection with vacature of the attachment. J&F respectfully submits further that the full amount of its recoverable fees and disbursements should be assessed following the Court's decision, at an inquest.

6. There has been no prior request for the relief sought herein.

Dated: New York, New York
August 20, 2008

Lawrence J. Kahn (LK 5215)

# KAHN AFFIRMATION

# EXHIBIT 1

**JUDGE PRESKA**

**08 CV 5381**

BLANK ROME, LLP
Attorneys for Plaintiffs
TRANS POWER CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

OFFICE COPY

RECEIVED
JUN 1 2 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANS POWER CO. LTD.,

        Plaintiffs

-against-

J & F LIMITED,

        Defendant.

08 Civ. 5381 (LAP)

**VERIFIED COMPLAINT**

    Plaintiff, TRANS POWER CO. LTD. ("Plaintiff"), by itsr attorneys Blank Rome, LLP, complaining of the above-named Defendant, J & F LIMITED ("Defendant"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

    2.    At all material times, Plaintiff was and now is a foreign corporation with its place of business in Xiamen, P.R.C.

    3.    At all material times, Defendant was and is a foreign corporation with no office or place of business in this Judicial District.

4. On or about May 23, 2006, Defendant, as owner of the M/V VANGUARD ("the Vessel"), entered into a time-charter party with Plaintiff, as charterer, for a period of time from March 2006 until August 2006 ("the Charter").

5. During the course of the Charter, Plaintiff overpaid charter hire and expenses on Defendant's behalf, which left a balance of accounts in Plaintiff's favor in the sum of $251,033.10, no part of which has been paid although duly demanded.

6. The Charter provides for the arbitration of disputes in Hong Kong, and Plaintiff reserves its right to arbitrate its claims, pursuant to 9 U.S.C. § 8.

7. Arbitrators in Hong Kong routinely award interest, arbitrators' fees, and legal fees and costs to the successful party.

8. Plaintiff estimates it will recover interest of at least US$67,338 at a rate of 8% compounded quarterly for a period of three years, legal costs of at least US$75,000 and arbitral costs of at least US$75,000.

9. The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment herein is **US$468,371.10**

10. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$468,371.10** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court award Plaintiff its damages or retain jurisdiction over this matter through the entry of a judgment on the Hong Kong arbitration award.

D.  That Plaintiffs may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       June 12, 2008

> Respectfully submitted
> BLANK ROME, LLP
> Attorneys for Plaintiff
>
> By_____
>     Jack A. Greenbaum (JG 0039)
> The Chrysler Building
> 405 Lexington Ave.
> New York, NY 10174-0208
> (212) 885-5000
> jgreenbaum@blankrome.com

311510.1
601518.00601/6646018v.1                    3

## VERIFICATION

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
12th day of June, 2008

_____
Notary Public

LESCENE GIBBONS
Notary Public, State of New York
No. 01GI6044509
Qualified in New York County
Commission Expires July 10, 20 16