FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant J&F Limited
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRANS POWER CO. LTD.,

                Plaintiff,

-against-

J & F LIMITED,

                Defendant.
------------------------------------------------------------x

08 CIV 5381 (LAP)

AFFIDAVIT OF
_____

IN SUPPORT OF MOTION
TO VACATE OR REDUCE
RULE B ATTACHMENT

      __Mr. Keung Shek Cheung__, pursuant to 28 U.S.C. §1746 hereby declares and says the following under penalty of perjury:

      1.    I am the __Director__ of Defendant J&F Limited. I have held this position since __21st September 2005__. I am fully familiar with the dispute between the parties concerning the charter of the M/V VANGUARD that is the subject of this action and I submit this Declaration in support of Defendant's application to vacate or reduce the attachment.

      2.    I reside at __Hong Kong__. I consider myself fluent in the English language and I assisted in the drafting of this Declaration, have reviewed and signed this Declaration and submit that the contents are true and within my own personal knowledge, or, to the extent that anything set forth herein is not within my own personal knowledge, I believe the same to be true based on documents and other evidence in my file.

NYDOCS1/309492.1                1

3. By a time charter party dated 23 February 2006, J&F chartered its vessel the M/V VANGUARD to plaintiff TRANS POWER CO. LTD. ("Trans Power"). A copy of the charter is attached hereto as Ex. 1.

4. Trans Power in turn sub-chartered the vessel to SK Shipping Singapore Pte. Ltd. ("SK"), who in turn sub-sub-chartered the vessel to Essar Shipping ("Essar") for a voyage from Mina Saqr, U.A.E. to Hazira, India.

5. While the vessel was discharging at Hazira on behalf of Essar, the M/V VANGUARD was damaged in a collision with the M/V ABG PIONEER, a barge also employed by Essar.

6. J&F made due demand of Trans Power to pay for the damage to the M/V VANGUARD in the amount of $151,871.49 and to pay outstanding hire and related charges of $79,704.14. Trans Power refused to pay these amounts but agreed to provide J&F with security in the amount of $250,000, which includes both the collision damages and the outstanding hire plus a small additional amount to partly cover awardable interest, costs and fees, to be paid into J&F's attorney's bank account, as escrow funds. Trans Power in fact arranged for posting this sum in the account of J&F's attorneys, James Ho & Co., Hong Kong.

7. Trans Power sent a communication to James Ho & Co. on August 1, 2007 that the $250,000 in security was actually posted by SK, but should be deemed as remittance by Trans Power of the required and agreed $250,000 in escrow funds. SK later advised J&F that it had believed it was paying Trans Power and had been wrongly induced by Trans Power to pay Trans Power's debts. SK commenced an action against

Trans Power seeking security in the amount of approximately $600,000, and it is for that security that Trans Power has now sought this attachment against J&F.

8. In essence, Trans Power is, through this action, seeking security from J&F for having provided security to J&F in the amount of $250,000. There is no legitimate claim by Trans Power for such security.

9. Trans Power's Verified Complaint claims that $251,033.10 was overpaid in hire to J&F and that it has "duly demanded" said amount be returned to it. This is entirely untrue:

(a) Trans Power has not overpaid hire. Instead, Trans Power has underpaid hire and owes a balance to J&F in the amount of approximately $80,000 (exclusive of interest); and

(b) Trans Power has never made any demand to J&F for any return of any amount of overpaid hire and has never set forth any basis, including in the context of the ongoing arbitration between the parties, for any such reimbursement; and

(c) Trans Power never overpaid any monies to J&F. The subject $250,000 was instead paid into the agreed nominated escrow account of James Ho & Co., Hong Kong. Accordingly, Trans Power is well aware that this amount was never "overpaid" to J&F – it was never paid at all, since the disputed sum remains in escrow. Accordingly, long before this attachment action in New York, Trans Power was already fully secured in the event it is successful in the arbitration with J&F, because these funds will be returned to it as a condition of the escrow arrangement if Trans Power succeeds.

10. Trans Power's Verified Complaint is otherwise so entirely vague as to what is allegedly owed to it by J&F that a more definite statement is certainly required. At most, the amount of hire allegedly overpaid (which J&F denies) is $1,033.10.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated:    Hong Kong   ,    China   
7th August 2008

By: _____
      Keung Shek Cheung