FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant J&F Limited
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TRANS POWER CO. LTD.,

                    Plaintiff,

    -against-

J & F LIMITED,

                    Defendant.
-------------------------------------------------------x

08 CIV 5381 (LAP)

REPLY DECLARATION OF
JAMES HO

James Y.H. Ho, pursuant to 28 U.S.C. §1746 hereby declares and says the following under penalty of perjury:

1. I am the sole proprietor of the law firm James Ho & Co., which is based in Hong Kong. I am admitted to practice in Hong Kong and represent Defendant J&F Limited in an arbitral dispute at Hong Kong between the parties. I submit this Reply Declaration in support of J&F's application to vacate the attachment.

2. I am fluent in the English language and I assisted in the drafting of this Declaration, have reviewed and signed this Declaration and submit that the contents are true and within my own personal knowledge.

3. I confirm that my firm is holding in escrow the sum of $250,000 with respect to the arbitral dispute between the parties hereto. The escrow sum was calculated by adding the cost of collision damages to past-due charter hire claimed by J&F from

Trans Power, and by including a modest amount to cover interest, fees and other recoverable costs.

4. Trans Power claims in its response to J&F's motion to vacate the attachment herein that it provided notice of its claim for overpaid hire in the arbitration, but this is not quite true. The fax notice sent by Trans Power (according to Ex. 1 to the Greenbaum Declaration) was sent to the wrong fax number. The fax sent by Trans Power was to 3421-1229, whereas my fax number is 3421-1339. It appears therefore that Trans Power sent its fax concerning its re-amended defence and counterclaim to someone else. In any event, until I received a copy of Trans Power's opposition papers herein, J&F never received notice of Trans Power's re-amended defence and counterclaim.

5. Accordingly, when J&F alleged in the underlying motion never to have been notified of this claim by Trans Power, this was true.

6. With respect to the re-amended defence and counterclaim, I note that Trans Power seeks to adopt SK Shipping's defence and counterclaim as its own. This is not permitted pursuant to an earlier ruling of the arbitral tribunal, which confirmed that the arbitrations between SK Shipping and Trans Power and between Trans Power and J&F are separate.

7. I immediately sought instructions of the Tribunal, indicating that J&F had never received notice of the re-amended defence and counterclaim. The Tribunal said they never reminded us to file a reply was because "The Tribunal did receive the attachment and assumed that it had been received by you and that you did not intend to respond in view of the limited nature of the red amendments." So the Tribunal consider the amount in dispute between the parties still remains at US$250,000 holding in escrow

in my firm as given under paragraph 3 hereto. The Tribunal has now authorized us to amend J&F's Reply and Defence to Counterclaim as a result of our non-receipt of the re-amended defence and counterclaim. This amendment will be filed in due course.

      I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: Hong Kong, China
     27th August 2008

By: _____
James Y.H. Ho