BLANK ROME, LLP
Attorneys for Plaintiff
TRANS POWER CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
jgreenbaum@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| TRANS POWER CO. LTD., | 08 Civ. 5381(LAP) |
|---|---|
| Plaintiff, | **DECLARATION OF ROGER MIAO IN OPPOSITION TO MOTION TO VACATE MARITIME ATTACHMENT** |
| -against- | |
| J & F LIMITED, | |
| Defendant. | |

ROGER MIAO deposes and says:

1. I am a member of the Shanghai law firm of SG & Co., and I represent Plaintiff Trans Power Co. Ltd. ("Trans Power") in its arbitrations with Defendant J & F Limited ("J & F") and non-party SK Shipping Singapore) Pte. Ltd. ("SK"). This Declaration is submitted in opposition to the Defendant's motion to vacate the maritime attachment herein, and specifically in response to the Declarations of James Y. H. Ho and Keung Shek Cheung, each dated August 27, 2008.

2. Mr. Ho's Declaration states that he did not receive my telefax dated Oct. 25, 2007 (Ex. 1 to the Greenbaum Decl. dated August 25, 2008), which he states bears an erroneous telefax number. My file, however, contains four confirmations showing the successful transmission of my telefax to the four addressees. I annex a copy of those confirmations hereto as Ex. A. As can be seen, two of the confirmations contain the telefax numbers to which the fax

900200.00001/6665598v.1

was transmitted, but two do not show a telefax number. Therefore, if the telefax number on the face of my telefax is incorrect, I can only assume that the receptionist who transmitted the telefax received a message from the fax machine that it did not go through to Mr. Ho, and then obtained the correct telefax number from the file. I certainly believed that all of the addressees received a copy of my telefax.

3. Mr. Ho's Declaration mentions that after seeing Mr. Greenbaum's Declaration, he sent an email to the arbitrators asking if they had received my telefax, and they responded that they had received it. For the sake of good order, I attach as Ex. B hereto a copy of the arbitrators' letter to Mr. Ho, which shows that Mr. Ho had attached a copy of Greenbaum Ex. 1 to his email to the arbitrators, and confirms that they had previously received my telefax at the time my office sent it.

4. Mr. Ho's Declaration also argues that Trans Power supposedly may not adopt SK's counterclaim because the arbitration between SK and Trans Power is separate from the arbitration between Trans Power and J & F. This entirely misses the point. Trans Power merely adopted or incorporated SK's claim by reference, and made it Trans Power's claim in the arbitration between Trans Power and J & F. Notably, neither Mr. Ho nor Mr. Cheung have denied the point made in Mr. Greenbaum's Declaration that it was a simple matter to substitute the Trans Power/J & F hire rate into SK's balance of accounts in order to know the amount Trans Power claims against J & F.

5. Mr. Cheung's Declaration makes two assertions that are, at best, disingenuous. First, he argues that Trans Power did not overpay charter hire because Trans Power did not pay charter hire during the period the ship was out of service. This contention wholly ignores the obvious point that the overpayment of hire covers all the hire for the entire period of the time

2

charter, plus all the other credits due to the charterer for various items, balanced against the credits for hire and other items due to the ship owner. These debits and credits are reflected in a final balance of accounts, as explained in Mr. Greenbaum's Declaration and reflected in Ex. 2 to that Declaration.

6. Greenbaum Ex. 2, line 1, shows that the charter hire credited, or "due to" J & F for the entire period of the charter, without taking off hire periods into account, was $1,295,010.42, less commissions of $48,562.89. The commissions are shown as a credit, or "due to" charterer, Trans Power.

7. Line 2 shows the value of fuel oil (bunkers) when the ship was delivered to Trans Power as a credit to the ship owner, and the value of fuel oil remaining on board at the end of the charter as a credit to Trans Power. (A time charterer pays for fuel oil on board at delivery and purchases the additional fuel oil during the performance of the charter, and receives a credit for the value of the fuel oil remaining on board at the end of the charterer because that fuel oil is taken over by the ship owner.)

8. Line 3 shows the value of certain off-hire periods during crane break downs, plus fuel oil used during those periods, as a credit to Trans Power, and shows the commissions that would have been earned if the ship had not been off-hire as a credit to J & F.

9. Line 4a similarly shows the value of the off hire period when the ship was awaiting repairs, plus fuel consumed during that time, as a credit to Trans Power, less the commission on that hire, which is shown as a credit to the ship owner). Line 4b, on the other hand, shows a credit to J & F for sailing time saved based on the place the ship was taken out of service and the place where the ship re-entered service.

10. Line 5 similarly reflects the value of off hire, fuel consumed, and commissions,

3

while the ship was off-hire awaiting fresh water.

11. Line 6 shows the value of entertainment and victuals for the charter period as provided in the charter as a credit to J & F.

12. Line 7 shows certain survey charges as credits to Trans Power, pursuant to the charter terms.

13. Line 8 shows credits to J & F for several hold cleanings, pursuant to the charter.

14. Line 9 shows a credit to J & F for an agreed compensation for loading petcoke.

15. Line 10 shows a credit to J & F for extra insurance premiums for loading at specified ports, pursuant to the charter terms;

16. Line 11 shows credits to Trans Power for various expenses Trans Power incurred on J & F's behalf.

17. Line 12 shows credits to Trans Power for its hire payments. What is relevant is the total amount of hire paid (not what periods the payments covered) plus all the other credits due Trans Power, which are then balanced against all the credits due to J & F. The credits to Trans Power total $1,775,198.94. The credits to J & F total $1,524,165.84. The difference between the credits due to Trans Power and the credits due to J & F represent the amount of cash due to Trans Power. That amount, shown in the penultimate line of Greenbaum Decl. 2, is $251,033.10, which is the amount of the complaint in this action.

18. Mr. Cheung also asserts that the sub-charterer, SK, paid charter hire to Trans Power during some or all of the time the ship was out of service, and therefore Trans Power may not claim such hire from the ship owner, J & F. That assertion completely ignores the fact that SK has asserted a claim against Trans Power for overpayment of that hire. As explained in Mr. Greenbaum's Declaration, Trans Power simply asserts the same claim against J & F, except at

the slightly different hire rate in the charter between Trans Power and J & F. If the vessel damage that gave rise to the off-hire dispute (and therefore to the overpayment claim) was J & F's liability, then SK will succeed on its claim against Trans Power, and Trans Power will succeed on its claim against J & F. If the vessel damage was the fault of the charterer at the bottom of the contract claim, then SK's claim against Trans Power would fail, as would Trans Power's claim against J & F.

19. Contrary to Mr. Cheung's contention, Trans Power's claims are far from frivolous. In any event, the merits of those claims are for the Hong Kong arbitrators to decide.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of Sep., 2008

*Roger Miao*
―――――――――――
ROGER MIAO

```
                    *************************
                    ***    TX REPORT    ***
                    *************************

TRANSMISSION OK

TX/RX NO                    2615
CONNECTION TEL
SUBADDRESS
CONNECTION ID
ST. TIME                    25/10 17:05
USAGE T                     09'27
PGS. SENT                   15
RESULT                      OK
```

```
             ********************
             ***  TX REPORT   ***
             ********************

TRANSMISSION OK

TX/RX NO                 2613
CONNECTION TEL              +852 2711 4489
SUBADDRESS
CONNECTION ID
ST. TIME                 25/10 16:55
USAGE T                  06'47
PGS. SENT                  15
RESULT                   OK
```

22 FAX 8668868588                    SG&CO

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX RX NO                    2616
CONNECTION TEL
SUBADDRESS
CONNECTION ID
ST TIME                     25/10 17:16
USAGE T                     06'27
PGS. SENT                   15
RESULT                      OK
```

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                 2617
CONNECTION TEL           86 592 2389539
SUBADDRESS
CONNECTION ID
ST. TIME                 25/10 17:26
USAGE T                  05'18
PGS. SENT                15
RESULT                   OK
```

## R. S. PEARD, J.P., F.C.I. Arb., F.H.K.I.Arb., F.S.I. Arb.,

19th Floor, Prince's Building,

10 Chater Road, Central, Hong Kong.

Tel: 28434433  Fax: 21035074

E-Mail: robin.peard@mayerbrownjsm.com

Our Ref.: RSP/6727033/2 (536)            26th August 2008

### FAX TRANSMISSION

| | | | |
|---|---|---|---|
| TO | : James Ho & Co.<br>Attn.: Mr. James Ho | - | by fax no. 34211339 ✓<br>(total no. of pages: 1) |
| C.C. | : SG & Co.<br>Attn.: Mr. Roger Miao | - | by fax no. 86-21-6886-8588<br>(total no. of pages: 1) |
| C.C. | : Mr Chan Yiu Kei | - | by fax no. 27114489<br>(total no. of pages: 1) |

Dear Sirs,

Re : **M.V. "VANGUARD" - Charterparty dated 23rd February 2006**
      **J&F Limited / Trans Power Co. Ltd. - In Arbitration**

The Tribunal has received your email of 26th August with attachment.

The Tribunal did receive the attachment and assumed that it had been received by you and that you did not intend to respond in view of the limited nature of the red amendments.

Please advise whether you wish to amend your Reply and Defence to Counterclaim.

Yours faithfully,

*[signature]*

R. S. Peard

10369060_1